BOARD OF EDUCATION, HUDSON AREA SCHOOLS v KING

Docket No. 45984. Submitted May 8, 1980, at Lansing.—Decided July 2, 1980.

Defendant Richard King filed a grievance pursuant to provisions in a contract with plaintiff, Board of Education, Hudson Area Schools. Plaintiff pursued the grievance procedure under protest, arguing the grievance arose on January 22, 1979, but prior to ratification of the contract providing the procedure, and, thus, defendant King lacked standing or basis for the grievance. Plaintiff then brought suit in Lenawee Circuit Court seeking injunctive relief against King, the Hudson Education Association and the Lenawee County Education Association taking the matter to arbitration. The circuit court ordered defendants to show cause why a preliminary injunction should not issue and issued a temporary restraining order prohibiting defendants from pursuing the grievance to arbitration. Following a hearing on the motion for the preliminary injunction, the lower court, Rex B. Martin, J., ordered the temporary restraining order dissolved and dismissed the cause with prejudice. Plaintiff appealed. *Held:*

The effective date of the contract which contained the arbitration agreement was January 22, 1979, and was not qualified as to any particular hour. It was arguably intended to be effective at the start of the day of ratification. Plaintiff's actions regarding defendant King, which occurred prior to but on the same day as the effective date of the contract, will not be found to bar arbitration.

Affirmed.

1. ARBITRATION — CONTRACTS — PROVISIONS — EXEMPTIONS.

The arbitrability of a particular dispute under a contract is determined through a three-stage inquiry: 1) whether the contract contains an arbitration agreement, 2) whether the claim,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arbitration and Award §§ 15, 54.

Matters arbitrable under arbitration provisions of collective labor contract. 24 ALR2d 752.

on its face, is arguably related to the contract, and 3) whether the dispute is expressly exempt by the terms of the contract.

2. ARBITRATION — LABOR RELATIONS — CONTRACTS — EFFECTIVE DATE — GRIEVANCE.

Arbitration is not barred where a contract clearly contains an arbitration clause and the claim is arguably related to the contract and is not expressly exempted by the terms of the contract, notwithstanding the fact that a grievance arises on the same day as, but prior to, ratification of the contract, in the absence of a qualification as to the particular hour the contract is to take effect.

*Baker, Durst, Marr & Nelson,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *James A. White* and *Stephen O. Schultz*), for defendants.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

M. J. KELLY, J. On April 24, 1979, plaintiff filed a complaint in Lenawee County Circuit Court seeking injunctive relief against the defendants. On the same date, the court ordered defendants to show cause why a preliminary injunction should not issue. A temporary restraining order, prohibiting defendants from pursuing a grievance to arbitration, was also issued on that date.

On April 30, 1979, a hearing on the motion for preliminary injunction was held and on May 8, 1979, the lower court issued an opinion dissolving the temporary restraining order. On June 20, 1979, an order dissolving the temporary restraining order and dismissing the cause with prejudice was signed by the lower court.

On July 9, 1979, plaintiff appealed the lower court's dismissal of the cause. On October 9, 1979,

* Circuit judge, sitting on the Court of Appeals by assignment.

defendants filed a motion to dismiss the appeal which we denied on February 14, 1980.

The facts of the controversy are not in dispute. In previous years, the Hudson Area Schools Board of Education had entered into collective bargaining contracts with defendant Hudson Education Association. The last contract expired on August 31, 1978. At that time, the teachers of Hudson Area Schools voted to allow Lenawee County Education Association to be their representative. Over the next several months, the plaintiff and defendant Lenawee County Education Association negotiated a contract. Also during that time period, plaintiff was attempting to cut its budget in order to avoid an expected deficit. On January 22, 1979, plaintiff held a meeting where it was decided to reduce defendant Richard King's position to a 3/5-time position with corresponding pay effective February, 1979. Richard King was a probationary teacher of industrial arts. Later in the same board meeting, a contract with the Lenawee County Education Association was ratified. The contract's stated effective date was January 22, 1979.

Defendant Richard King filed a grievance pursuant to the contract. Plaintiff went through the grievance procedure under protest, arguing that since King's position was reduced prior to ratification of the prospective contract, King did not have standing or basis for the grievance. Plaintiff filed this suit seeking an injunction against the defendants' taking the matter to arbitration, the final stage of the grievance procedure.

Plaintiff now appeals the lower court's holding that the parties must proceed to arbitration.

The trial court relied primarily on *Nolde Bros, Inc v Local No 358, Bakery & Confectionary Workers Union, AFL-CIO,* 430 US 243; 97 S Ct 1067; 51

L Ed 2d 300 (1977), as a basis for denying plaintiff's prayer for injunctive relief. In *Nolde,* contract negotiations following expiration of the employment contract were unsuccessful and plaintiff informed defendant that the latest offer was unacceptable and that plaintiff intended to close business operations permanently. Plaintiff paid the employees all wages due but refused severance pay as required by the expired contract and declined to arbitrate the claim for severance pay on the ground that the contractual obligation to arbitrate had expired when the union terminated the contract. The *Nolde* Court noted that it would be absurd to hold that termination of the agreement automatically extinguishes a party's duty to arbitrate grievances arising under the contract. If that were the case, the court continued, arbitration processes initiated but not completed prior to expiration of the contract would be void.

We agree with plaintiff that *Nolde, supra,* is distinguishable from the present case since the dispute in *Nolde* concerned an accrued and vested right to severance pay upon termination whereas the dispute here did not "arise under" the expired contract. We must, therefore, disagree with the rationale underlying the trial court's decision to order arbitration.

Our inquiry does not end there; we must still consider the threshold question of the very existence of an arbitration agreement included within a binding contract in effect when the grievance arose. *Kaleva-Norman-Dickson School Dist v Kaleva-Norman-Dickson School Teacher's Ass'n,* 393 Mich 583, 587; 227 NW2d 500 (1975), GCR 1963, 769.2. The record herein indicates that the decisions to alter defendant's full-time status and to ratify the proposed contract were made at the

same board meeting. Plaintiffs submit that since the decision with respect to defendant King occurred prior to contract approval, there was no existing contract requiring arbitration of his grievance. This is true only if the day commences somewhere in the middle. The effective date of the new contract was January 22, 1979, without qualification as to any particular hour; we therefore conclude that at the time of ratification it was arguably intended to be effective when the day started. Plaintiffs cannot now successfully avoid arbitration of defendant's grievance by claiming that as a matter of law the day started after King's status was altered.

Generally, the arbitrability of a particular dispute is determined through a three-stage inquiry: (1) whether there is an arbitration agreement within the contract between the parties; (2) whether the claim is on its face or arguably related to the contract; and (3) whether the dispute is expressly exempt by the terms of the contract. *Miller v Swanson,* 95 Mich App 36, 39; 289 NW2d 875 (1980). In view of the above analysis regarding the existence of a binding contract which clearly contains an arbitration clause and finding no bar to arbitration based upon the second and third stages of inquiry, we affirm the trial court's order that the parties proceed to arbitration.

Affirmed.